Kiril Krastev **CONCHEV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71870.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Law Offices of Larry R. Glazer, Century City, CA, for Petitioner.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Kiril Krastev Conchev, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

Accepting Conchev's factual allegations as true, as we must absent an adverse credibility determination, see Navas v. INS, 217 F.3d 646, 652 n. 3 (9th Cir.2000), Conchev has established past persecution on account of his Romani (gypsy) ethnicity. The IJ's reliance on Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) is misplaced. See Chanchavac v. INS, 207 F.3d 584, 590 n. 5 (9th Cir.2000) (distinguishing Prasad). Government sanction has been established, as Conchev, his sister and his mother experienced brutality at the hands of the police directly and, moreover, the police failed to investigate when Conchev and his family were attacked by ultranationalist private citizens. Conchev received medical treatment on one occasion and his ankle was broken on another occasion, so his injuries were serious and the beatings severe.

Because Conchev has established past persecution, he is entitled the presumption of a well-founded fear. See Kataria v. INS, 232 F.3d 1107, 1113 (9th Cir.2000). Neither the BIA nor the IJ properly considered whether changed circumstances in Bulgaria or the possibility of Conchev's internal relocation could rebut the presumption of future persecution. See 8 C.F.R. § 208.16(b)(1).

Conchev's challenge to the BIA's summary affirmance without opinion is foreclosed by Falcon Carriche v. Ashcroft, 350 F.3d 845 (9th Cir.2003).

We find Conchev's claim for relief under the Convention Against Torture unpersuasive, because he fails to meet the higher burden of showing that it is more likely than not that he would be tortured if returned to Bulgaria. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).

Accordingly, we grant the petition for review, reverse the BIA's denial of withholding of removal and remand to the BIA to determine whether, having otherwise established eligibility for asylum, an individualized assessment of changed country conditions rebuts the presumption of a well-founded fear and whether it is reasonable to expect Conchev to relocate within Bulgaria. See Lopez v. Ashcroft, 366 F.3d 799, 805 (9th Cir.2004); Melkonian v. Ashcroft, 320 F.3d 1061, 1069–70 (9th Cir. 2003).

PETITION FOR REVIEW GRANTED IN PART; REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.